UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                      No. 15-CR-491-LTS

TYRONE MCCULLUM,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Mr. McCullum's Motion for Compassionate Release pursuant to 18 U.S.C. section 3582 (docket entry no. 825), and the parties' subsequent briefing (docket entry nos. 827, 828).  Mr. McCullum seeks a reduction of his sentence to time served and the imposition of an additional, extended term of home confinement.  (Docket entry no. 825.)  The Court has reviewed all of the submissions carefully.

Mr. McCullum seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-282).[1]  The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction.  The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction.  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A).  United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-282).  As reflected in the transcript of Mr. McCullum's sentencing hearing, the Court considered these factors in determining the sentence it imposed on March 22, 2017.  (Docket entry no. 335.)  Most of these factors remain unchanged.  The nature and circumstances of his offenses remain very serious, as Mr. McCullum pled guilty to conspiracy to commit murder for hire and assault in aid of racketeering.  (Docket entry no.

---

[1] Mr. McCullum has exhausted his administrative remedies.  On May 27, 2020, Mr. McCullum requested that the Warden of FCI Ray Brook reduce his sentence based on the COVID-19 pandemic and his medical conditions.  (Docket entry no. 827, at 4.)  On June 6, 2020, the Warden denied Mr. McCullum's request.  (Id.; Docket entry no. 825, Ex. A.)

277.) The Court found that he committed his offenses while under federal supervision imposed as a part of a prior federal sentence. (Docket entry no. 335, at 20:21-23.) Similarly unchanged is his extensive criminal history. The Court sentenced Mr. McCullum to 141 months of imprisonment, followed by three years of supervised release on the first count of conviction and one year of supervised release on the second count of conviction, to run concurrently. (Docket entry no. 307.) Mr. McCullum has served approximately 65 months of his sentence (docket entry no. 827, at 6), less than half of the term the Court had imposed.

In support of his argument that the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction to time served, Mr. McCullum proffers that the COVID-19 virus poses a risk of infection and serious complications were he to serve the remainder of his sentence in custody due to his medical conditions and a January 2021, outbreak of the virus at FCI Ray Brook where he is held. He further argues that the conditions of his confinement have been far harsher than the Court anticipated when imposing the sentence due to that facility's pandemic precautions.

Having considered the section 3553(a) factors in light of the changed circumstances proffered by Mr. McCullum, the Court finds that the risks posed by COVID-19 and the more onerous conditions of Mr. McCullum's confinement do not present an extraordinary and compelling reason for a reduction of his 141-month sentence, which remains sufficient and no greater than necessary to accomplish the goals of sentencing. Mr. McCullum committed terribly dangerous crimes after a lengthy criminal history and while under federal judicial supervision. In fashioning the sentence imposed, the Court took into account Mr. McCullum's decision to abandon the third attempt to carry out the murder for hire conspiracy, noting that, while "we should all be grateful that the murder did not actually occur . . . agreeing

to commit the murder . . . [was] terrible and deeply serious criminal behavior." (Docket entry no. 335, 21:4-8.) The Court concluded that a custodial sentence of 141 months was necessary to adequately punish Mr. McCullum for this extremely dangerous conduct, protect the public, deter Mr. McCullum and others from engaging in this kind of violent behavior, and promote respect for the law.

Today, Mr. McCullum is 42 years of age and has several underlying medical conditions – including chronic obstructive pulmonary disease, obesity, severe asthma, and a low heart rate – and a history of treatment for several respiratory illnesses, including bronchitis, pneumonia, hemoptysis, pleurisy, and shortness of breath. (Docket entry nos, 825; 827, Exh. A.) The CDC has found that many of these conditions may increase the risk of contracting or suffering severe complications from COVID-19. See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited 4/19/21). However, the spike of cases at FCI Ray Brook in January of 2021, which prompted Mr. McCullum's application (docket entry no. 825, at 4), has subsided, such that there are no current infections among staff or inmates. See COVID-19 Coronavirus, https://www.bop.gov/coronavirus/, (last visited 4/19/21). This fact militates against the conclusion that the BOP has been unable to control the COVID-19 pandemic at that facility. The BOP is also monitoring and managing Mr. McCullum's health conditions (see docket entry no. 827, Ex. A), and the COVID-19 vaccine continues to be made available to inmates in BOP custody. The history of COVID-19 infections at FCI Ray Brook which, as graphed on the BOP website, shows relatively low levels institutionally since at least July 2020, except for a dramatic rise and fall between December and January, combined with the BOP's current rollout of vaccinations to inmates as well as staff members, leads the Court to conclude that the admittedly

serious medical risks an infection would pose were Mr. McCullum to contract the virus do not present so extreme a risk as to constitute an extraordinary and compelling reason warranting a five-year reduction of the sentence that the Court imposed to protect the public, effectuate specific and general deterrence, and provide just punishment.

Nor does the increased severity of the conditions of Mr. McCullum's confinement present an extraordinary and compelling reason for a sentence reduction. The conditions in custody are certainly harsher than the Court anticipated, and no doubt cause extra anxiety to individuals who, like Mr. McCullum, have underlying medical conditions that may increase the risks of infection. The Court also recognizes, and extends its deepest condolences to Mr. McCullum for, the losses his family has suffered due to the virus and wishes him and his family continued strength. The Court acknowledges that the suspension of in-person visitation at FCI Ray Brook has contributed to the pain of Mr. McCullum's separation from his family during the pandemic. However, every federal inmate sentenced prior to the pandemic has been subject to the same unexpected increase in severity of the conditions of their confinement and a greater separation from their loved ones. The changes in Mr. McCullum's confinement conditions therefore are neither extraordinary nor do they not outweigh the continued need for Mr. McCullum to remain in custody for the duration of his sentence as originally imposed in order to protect the public, provide specific and general deterrence, and establish adequate and just punishment.

For the reasons stated above, Mr. McCullum has not carried his burden of demonstrating that an extraordinary and compelling set of circumstances warrants compassionate release. Accordingly, Mr. McCullum's motion for a reduced sentence pursuant to 18 U.S.C.

section 3582 is denied.  The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. section 3582(c)(1)(A) (Compassionate Release).

This Memorandum Order resolves docket entry number 825.

SO ORDERED.

Dated: New York, New York
April 20, 2021

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge